THOMPSON, *Receiver, Appellant,* v. SWAIN *et al.*

DIVISION TWO.

**Savings Banks:** ILLEGAL LOANS: LIABILITY OF DIRECTORS. The directors of a savings bank who have made loans to one person in excess of one-fourth of the bank's capital stock, contrary to the prohibition of Revised Statutes, 1879, section 916, are liable to the bank or its receiver for any actual losses resulting to the bank from the wilful disregard of the statutes.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Boyle, Adams & McKeighan* for appellant.

*Hough, Overall & Judson* for respondents.

MACFARLANE, J.—The petition in this case contains all the averments of the petition in case of *Thompson, Receiver, v. Greeley, ante,* p. 577, except the charges in that case were that defendants as directors had wilfully and knowingly violated the statute in loaning or permitting to be loaned to the Anchor Milling Company money in excess of twenty-five per cent. of its capital stock, and the charges in the petition are that they permitted the bank to become indebted to said milling company in excess of twenty-five per cent. of the capital stock on loans, drafts and advances by drafts and bills of exchange. A demurrer to this petition was also sustained and plaintiff appealed.

We need only to add to the opinion in that case, that, in respect to the amount and character of indebtedness, for permitting which, the directors may be held accountable, we think the terms of the statute too plain

to require construction. It is perfectly obvious that the intent of the legislature was to prevent the assets, exceeding twenty-five per cent. of the capital stock, actually paid in, from getting under the control, and management, and consequent risk of any one individual, corporation or company. The terms of the statute, " or permit any individual corporation or company to become at any time indebted to it," are sufficiently broad to include any indebtedness however incurred. The liability of the directors will extend to actual losses resulting to the bank from their wilful disregard of the statute.

For the reasons given in the opinion in the other case the demurrer to the petition should have been overruled. Reversed and remanded. All concur.